Marlow **HENDERSON**, Appellant,

v.

**EASTERN FREIGHT WAYS, INC.**

and

**Local Union No. 557, Freight Drivers and Helpers, International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America**, Appellees.

No. 71–1790.

United States Court of Appeals, Fourth Circuit.

Argued March 9, 1972.

Decided May 8, 1972.

John H. West, III, Baltimore, Md. (Alan J. Mogol and Ober, Grimes & Shriver, Baltimore, Md., on brief), for appellant.

Kenneth F. Hickey, Washington, D. C. (William J. Curtin and Morgan, Lewis & Bockius, Washington, D. C., on brief), for appellees.

John de J. Pemberton, Jr., Acting Gen. Counsel, Julia P. Cooper, Chief, Appellate Section, David W. Zugschwerdt, Acting Chief, Trial Section, Lawrence J. Gartner, Atty. E. E. O. C., on brief for amicus curiae.

Before HAYNSWORTH, Chief Judge, and BRYAN and RUSSELL, Circuit Judges.

PER CURIAM:

This case presents an appeal from the dismissal of a complaint D.C. 330 F. Supp. 1287, alleging improper employment practices under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

Employee-appellant, Henderson, filed three charges at various times with the Equal Employment Opportunity Commission. The first charge involved the employer, Eastern Freight Ways, Inc. The third was directed against the union. Only the second charge included both the employer and the union. However, a copy of the second charge was submitted with the third charge. The first charge was dismissed by the Commission without any action being taken by the employee. The second charge followed an erratic course in the bureaucratic processing, bobbing back and forth in the Commission until the issuance of a suit-letter in early 1970. On May 22, 1969, however, the Commission issued a "suit-letter" on the employee's third charge. The employee requested and the Court, on June 2, 1969, appointed counsel to represent the employee and to file an action on his part. In the letter to the employee advising him of such appointment, the Court specifically warned the employee that his action had to be filed "within 30 days of May 22, 1969". The employee's action was not filed until August 21, 1969. It would seem that the employee was confused, even as was the Commission, as to the charges to which the suit-letter referred and assumed that it related to his second

charge; he accordingly named as defendants both the union and the employer.[1] In the meantime, his second charge which had been twice dismissed in error by the Commission, though the employee was not advised of such dismissal, was finally "revived" and duly considered, resulting in a "suit-letter" of February 13, 1970, which was five months after the employee had filed his suit. On June 1, 1970, almost a year after the employee had begun his action and four months after the suit-letter in the second charge was issued, the employer filed its motion to dismiss on the ground that the suit filed related to the third charge and it was not named in such charge. This motion was granted on June 21, 1971. The union, also, sought dismissal because the action was not filed within 30 days after issuance of the "suit-letter". This motion was granted on June 29, 1971. From these orders of dismissal, this appeal is taken. We reverse.

At the outset, it should be noted that the Act on which the employee predicates his action is remedial in character and should be generously construed to achieve its purposes. Johnson v. Seaboard Air Line R. R. Co., 405 F.2d 645 (4th Cir.1968), cert. den. 394 U.S. 918, 89 S.Ct. 1189, 22 L.Ed.2d 451; Culpepper v. Reynolds Metals Co., 421 F.2d 888, 891 (5th Cir.1970); Miller v. International Paper Co., 408 F.2d 283 (5th Cir.1969); Norman v. Missouri Pacific Railroad, 414 F.2d 73, 83 (8th Cir. 1969); Sanchez v. Standard Brands, Inc., 431 F.2d 455, 460–463 (5th Cir. 1970); Choate v. Caterpillar Tractor Co., 402 F.2d 357, 361 (7th Cir.1968); Antonopulos v. Aerojet-General Corp., 295 F.Supp. 1390, 1396 (E.D.Calif.1968). Moreover it is a general policy of law to find a way in which to prevent loss of valuable rights, not because something was done too late but rather because it was done too soon. Avery v. Fischer, 360 F.2d 719, 723 (C.A. 5, 1966). It may be that the employee's action, whatever may have been his understanding, had initially as its only basis the "suit-letter" of May 22, 1969, which related to the employee's third charge. If this were all the case, there could be no question of the correctness of the District Court's action in dismissing the action. However, before either defendant had made a motion for dismissal of the pending action, a "suit-letter" was issued in connection with the second charge, involving, as did the pending action, both the employer and the union. While up to the time this "suit-letter" on the second charge was issued the pending complaint of the employee was properly subject to a motion to dismiss, the issuance of the "suit-letter" validated the pending action, based on the second charge against both union and employer, and the District Court erred in dismissing it.[2]

Reversed.

1. A similar situation was presented in Brush v. San Francisco Newspaper Printing Co. (D.C.Cal.1970) 315 F.Supp. 577, 580, n. 3, and the District Court held a second right to sue letter validated the pending suit.

2. At least four district court cases have held that the issuance of a "suit-letter" by the EEOC subsequent to the filing of suit under Title VII of the Civil Rights Act of 1964, cured the jurisdictional defect in plaintiff's original complaint. Dodge v. Giant Food, Inc., Civil Action No. 96–71 (D.C.D.C. April 16, 1971); Stebbins v. Insurance Company of North America, Civil Action No. 2848–69 (D.C. D.C. June 30, 1970); Skinner v. Airco Reduction Co., Inc., Civil Action No. 71–1200 (E.D.La.1971); Brush v. San Francisco Printing Co., *supra*.