Marie ASSA'AD–FALTAS, Plaintiff,

v.

COMMONWEALTH OF VIRGINIA, et al., Defendants.

Civ. A. No. 89–275–R.

United States District Court, E.D. Virginia, Richmond Division.

May 8, 1989.

---

984

Marie Assa'Ad–Faltas, Durham, N.C., pro se.

Mary Sue Terry, Atty. Gen. of Va., John A. Rupp, Sr., Carol S. Nance, Alma F. Jackson, Asst. Attys. Gen., Richmond, Va., for defendants.

MEMORANDUM

SPENCER, District Judge.

This matter is before the Court on defendants' motion to dismiss and on plaintiff's motion for sanctions, motion to defer ruling on defendants' motion to dismiss, motion for leave to proceed *in forma pauperis,* motion to receive transcript at government expense, motion for extension of time to respond to defendants' motion to dismiss, and motion to amend complaint. For the reasons stated in this memorandum, defendants' motion to dismiss will be granted. Each of plaintiff's motions will be denied.

I

Plaintiff, proceeding *pro se,* without an attorney, is a medical doctor and the former Director of the Northern Neck Health District for the Virginia Department of Health ("VDH"). The Northern Neck Health District encompasses Lancaster, Northumberland, Richmond, and Westmoreland counties. Defendants are the Commonwealth of Virginia, the Commissioner of VDH, other health department employees, and several contract physicians for VDH.

Plaintiff began her term as Northern Neck Health Director on January 16, 1989. While still a probationary employee, she was notified on April 26, 1989, that she would be terminated from her position, effective May 10, 1989. On May 5, 1989, plaintiff moved for a temporary restraining order, which this Court denied on May 10,

1989. On June 28, after briefing and oral argument, the Court denied plaintiff's motion for preliminary injunction.

Construed broadly, plaintiff's complaint asserts the following claims: (1) sexual harassment; (2) age, sex, race, and national origin discrimination; (3) retaliatory discharge; (4) tortious interference with contract; (5) defamation; (6) fraud; (7) negligence; (8) violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e–16; (9) violations of her rights under the First, Fifth, and Fourteenth Amendments to the United States Constitution as protected by 42 U.S.C. § 1983; (10) violations of 42 U.S.C. § 1981; (11) violations of 42 U.S.C. § 1985(3); and (12) violations of the Rehabilitation Act of 1973, 29 U.S.C. § 794.

## II

Plaintiff has filed a motion for extension of time to respond to defendants' motion to dismiss and a motion to defer the Court's ruling on the motion to dismiss. The Court has previously granted plaintiff an extension to respond to the defendants' motion and finds that no further extension is warranted. Further, the Court is unpersuaded that it should delay ruling on defendants' motion to dismiss until the resolution of plaintiff's appeal of the denial of her motion for preliminary injunction. Accordingly, both of these motions will be denied.

On a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6), the Court must accept as true the allegations of the complaint. *Adams v. Bain*, 697 F.2d 1213, 1216 (4th Cir.1982). A complaint should not be dismissed "unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." *Johnson v. Mueller*, 415 F.2d 354, 355 (4th Cir.1969). "So long as a plaintiff colorably states facts which, if proven, would entitle [her] to relief, the motion to dismiss should not be granted." *Adams*, 697 F.2d at 1216 (citing *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). However, the Court need not accept as true mere legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 2944, 92 L.Ed.2d 209 (1986). With these standards in mind, the Court will address each of plaintiff's claims.

## A. Title VII

 Before filing a civil suit for a violation of Title VII, an aggrieved party must file a charge with the EEOC. *Dickey v. Greene*, 710 F.2d 1003, 1005 (4th Cir. 1983). If no action is taken on such a charge within 180 days from the date of filing, the aggrieved party may file suit. 42 U.S.C. § 2000e–5(f)(1). Entitlement to a "right to sue" letter from the EEOC is a jurisdictional prerequisite to suit in federal court for a violation of Title VII. *Perdue v. Roy Stone Transfer Corp.*, 690 F.2d 1091, 1093 (4th Cir.1982).

 Here, plaintiff alleges that she filed a charge with the EEOC on May 5, 1989. The EEOC has not issued a right to sue letter, and 180 days have not passed since the filing of the charge. Thus, this Court has no jurisdiction to consider plaintiff's claims of discrimination on the basis of race, sex, or national origin in violation of Title VII. Accordingly, those claims will be dismissed.

## B. 42 U.S.C. § 1981

 Section 1981 prohibits racial discrimination in the making and enforcement of private contracts but is not "a general proscription of racial discrimination in all aspects of contract relations." *Patterson v. McLean Credit Union*, — U.S. —, 109 S.Ct. 2363, 2372, 105 L.Ed.2d 132 (1989). Thus, § 1981 "covers only conduct at the initial formation of the contract and conduct which impairs the right to enforce contract obligations through legal process." *Id.* 109 S.Ct. at 2374. Conduct, such as racial harassment, occurring after the formation of the employment relationship relates to the terms and conditions of continuing employment and is more appropriately addressed under Title VII. *Id.* Plaintiff's allegations relate only to discrimination in the terms and conditions of continuing employment rather than to dis-

crimination in hiring or in her efforts to seek redress for breach of her employment agreement. Thus, she has not sufficiently alleged a violation of § 1981. Accordingly, this claim will be dismissed.

### C. 42 U.S.C. § 1985(3)

■ To demonstrate a violation of § 1985(3), a plaintiff must show the existence of a conspiracy or a meeting of the minds. *Griffin v. Breckenridge*, 403 U.S. 88, 102–103, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971). To overcome a motion to dismiss based on the lack of conspiracy, a plaintiff must plead at least minimum factual support for the existence of a conspiracy. *Robinson v. McCorkle*, 462 F.2d 111, 113 (3d Cir.1972). A plaintiff must allege sufficient facts to give rise to an inference of a meeting of the minds. *Munz v. Parr*, 758 F.2d 1254, 1258 (8th Cir.1985). "Courts have uniformly dismissed actions pursuant to § 1985(3) which contained mere conclusory claims of constitutional deprivations unsupported by factual allegations." *Lucas v. Kale*, 364 F.Supp. 1345, 1347 (W.D. Va.1973).

■ In both her complaint and in her proposed amendments to her complaint, plaintiff offers no more than bare allegations that defendants conspired against her to file false reports and make false allegations in order to have her fired. She has failed to allege any facts from which the Court can infer that the defendants entered into a conspiracy to force plaintiff out of her job. Such unsupported allegations cannot withstand a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).

### D. First Amendment

■ A plaintiff claiming discharge for exercise of First Amendment rights must show that the conduct was constitutionally protected and that the conduct was a substantial factor in the discharge decision. *Mt. Healthy City School Dist. v. Doyle*, 429 U.S. 274, 287, 97 S.Ct. 568, 576, 50 L.Ed.2d 471 (1977). Employee speech is constitutionally protected if it is on a matter of public concern and does not unreasonably affect the efficiency, discipline, or

administration of the public agency. *Buschi v. Kirven*, 775 F.2d 1240, 1247–48 (4th Cir.1985).

■ The question of whether speech is a matter of public concern is a matter of law in which the court must consider the content, form, and context of the speech. *Id.* at 1247 (citing *Connick v. Myers*, 461 U.S. 138, 148, 103 S.Ct. 1684, 1690, 75 L.Ed.2d 708 (1983)). Not all matters which are discussed within a government office are matters of public concern. When speech touches only on internal office policy, it is not a matter of public concern. *Connick*, 461 U.S. at 146–47, 103 S.Ct. at 1689–90.

■ Plaintiff alleges that she was fired for proposing "to scientifically test the efficacy and safety of protocols designed by Defendant Wilds" in violation of her First Amendment rights. The core of plaintiff's complaint is that she was fired for challenging Wilds' and Rimple's decisions on the appropriate medical protocol to be followed in the Northern Neck Health District. The decisions on such protocols are essentially questions of internal VDH policy. In challenging the protocols, plaintiff spoke not as a citizen but as an employee expressing dissatisfaction with that policy. There is no First Amendment protection from discharge for speech concerning such internal office policy. *See Connick*, 461 U.S. at 146, 103 S.Ct. at 1689. Thus, plaintiff's firing did not violate her First Amendment rights.

### E. Fifth and Fourteenth Amendments

■ Plaintiff has a right to due process only if her discharge implicates a liberty or property interest. *Bunting v. City of Columbia*, 639 F.2d 1090, 1093 (4th Cir. 1981). A discharge implicates a liberty interest when charges are made against the employee such as to impose a stigma which forecloses further employment opportunities. *Id.* at 1094. Where there is no public disclosure of the reasons for discharge of an employee terminable at will, however, no liberty interest is implicated. *Id.* Plaintiff does not allege that the reasons for her

termination were made public at any time by VDH. Thus, her discharge cannot implicate a liberty interest.

■ Property interests "are created and their dimensions are defined by existing rules or understandings that stem from an independent source, such as state law." *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). Under Virginia law, nonprobationary employees have a property interest in their job. *Detweiler v. Commonwealth of Virginia*, 705 F.2d 557, 560 (4th Cir.1983). However, plaintiff was a probationary employee and had no right to the grievance procedures which the court in *Detweiler* relied on as evidence of a property interest. *See* Va.Code Ann. § 2.1–114.5:1(C) (Cum. Supp.1989). Thus, plaintiff had no property interest in her job, and so the protections of due process are not triggered by her firing. Since plaintiff cannot show either a liberty or a property interest in her continued employment, her claim of a violation of due process will be dismissed.

**F. The Rehabilitation Act of 1973**

■ A required element of a claim for a violation of the Rehabilitation Act is a showing that an employee's handicap is the sole reason for an employer's action. *Norcross v. Snead*, 755 F.2d 113, 117 n. 5 (8th Cir.1985). Plaintiff alleges that she has a handicap, but she does not allege that her handicap was a basis for any of defendants' actions. Thus, she fails to state a claim for violation of the Rehabilitation Act.

**G. State Law Claims**

Because all of the federal claims have been disposed of, the Court declines to exercise pendent jurisdiction over plaintiff's state law claims. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). Accordingly, plaintiff's state law claims will be dismissed.

**III**

■ Plaintiff also moves to amend her complaint pursuant to Fed.R.Civ.P. 15.

The Court has reviewed plaintiff's proposed amendments and finds that the amendments will not cure the deficiencies of plaintiff's complaint. Even if the Court allowed plaintiff to amend her complaint, it would still be subject to dismissal on the grounds stated in this memorandum. Further, the new counts which plaintiff seeks to assert in her amended complaint do not state any new causes of action nor do they allege additional facts which would cause the Court to reconsider its decision to grant the motion to dismiss. Thus, allowing amendment of the pleadings would be futile. *See Ward Elec. Serv. Inc. v. First Commercial Bank*, 819 F.2d 496, 497 (4th Cir.1987). Accordingly, plaintiff's motion to amend her complaint will be denied.

The Court has also reviewed plaintiff's motion to proceed *in forma pauperis* and her motion to receive a transcript at government expense. The Court finds that plaintiff has sufficient resources to pay court costs and to pay for a transcript of her hearing. Thus, both of these motions will be denied.

Finally, the Court has reviewed and considered plaintiff's motion in support of sanctions against defendants and her motion for transfer or change of venue. The Court finds that both of these motions are frivolous and shall be denied.

An appropriate Order shall enter.