Linda AUSTIN, Plaintiff,

v.

OWENS–BROCKWAY GLASS
CONTAINER, INC.,
Defendant.

Civ. A. No. 93–0051–D.

United States District Court,
W.D. Virginia,
Danville Division.

Jan. 14, 1994.

Barbara R. Hudson, Law Office of Barbara R. Hudson, Danville, VA, for Linda Austin.

Robert L. O'Donnell, Vandeventer, Black, Meredith & Martin, Norfolk, VA, for Owens–Brockway Glass.

*MEMORANDUM OPINION*

KISER, Chief Judge.

Facts as Alleged in the Complaint:

The facts, according to plaintiff, are such: plaintiff was employed at Owens–Brockway since 1978, working most recently as an equipment cleaner/oiler-greaser. In 1992

plaintiff became disabled as the result of an on-the-job injury. Plaintiff was not reasonably accommodated by any offer of light duty employment by Owens–Brockway, for which her doctor had released her. After becoming disabled, defendant learned that Owens–Brockway had eliminated the job title of equipment cleaner/oiler-greaser and had offered the only other equipment cleaner/oiler-greaser—who was a male—reassignment to another position in the plant.

Defendant has moved to dismiss this action pursuant to F.R.Civ.P. 12(b)(IV) for lack of subject matter jurisdiction. Defendant has submitted affidavits in support of its motion, and plaintiff has responded as if Defendant's motion was one for Summary Judgment. Accordingly, the Court will treat defendant's motion as a Rule 56 motion.[1] Defendant's motion is based on the following grounds:

1. Plaintiff did not obtain a right-to-sue letter from the EEOC before filing her civil suit for violation of the ADA and Title VII, plaintiff was required to file a charge with the EEOC, and that entitlement to a right-to-sue letter from the EEOC was a jurisdictional prerequisite to the instant action.

2. The Defendant was not given notice of the filing of any charge with the EEOC and was therefore not provided with any opportunity to engage in conciliation of plaintiff's claim as required by Title VII.

3. The EEOC has not issued the statutorily mandated right-to-sue letter to the plaintiff.

4. The Plaintiff has failed to utilize the grievance arbitration procedure available to her in the collective bargaining agreement which covers her employment with the defendant.

Defendant has also moved pursuant to F.R.Civ.P. 11 and Section 706(k) of Title VII for the imposition of sanctions against plaintiff and her attorney. In support of this motion defendant alleges that plaintiff failed to file a charge with the EEOC and did not obtain a right-to-sue letter prior to instituting the instant action. Defendant points out that Rule 11 requires an attorney to conduct a pre-filing investigation of law and fact which is objectively reasonable under the circumstances. Defendant asserts that even a cursory review of the law as applied to the instant facts would have revealed that before filing her civil suit for violation of the ADA and Title VII, plaintiff was required to file a charge with the EEOC, and that entitlement to a right-to-sue letter from the EEOC was a jurisdictional prerequisite to the instant action. Accordingly, defendant moves the Court to sanction plaintiff and her counsel and to award defendant all attorneys' fees incurred by defendant in preparing its Motion to Dismiss.

It is undisputed that plaintiff neither obtained a right-to-sue letter from the EEOC nor waited the statutorily prescribed period before filing her complaint. Plaintiff asserts that she attempted three times to file her complaint with the EEOC and was rejected each time. Plaintiff further asserts that she proffered her complaints to the EEOC on July 15, 1993. The complaint in the instant action was filed on October 13, 1993.[2] Plain-

---

1. Rule 12(b) provides in pertinent part:

   If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56....

2. Plaintiff states that "[o]n July 15, 1993, when plaintiff proffered her complaints of discrimination to the EEOC in Richmond, Virginia, plaintiff's complaints were evaluated and were 'administratively rejected' on the same day her complaints were made. EEOC again rejected plaintiff's request for reconsideration. EEOC rejected plaintiff's complaints a third time the following

week, upon counsel's request for reconsideration." Plaintiff further argues that "when the EEOC made its 'administrative rejection' of plaintiff's complaints, without further inquiry, on its determination that plaintiff was not a handicapped person, plaintiff had done all she could do in filing her complaint with the EEOC. Plaintiff thereafter was barred, as a consequence of EEOC's 'administrative rejection' of her complaint, from exhaustion of all further administrative remedies, including her right to receive a right-to-sue letter from the EEOC. Response to Defendants Motion for Sanctions, at 2. The purported attempt to file with the EEOC consisted of telephone calls to the EEOC office in Richmond. Whether this would qualify as an attempt to file a complaint which was rejected is very questionable but for the purpose of this motion I will

tiff contends that the EEOC is not empowered, pursuant to 42 U.S.C. section 2000e–5 to provide for "administrative rejection" of complaints and cites several authorities that purport to support the proposition that a civil suit is the appropriate remedy when the EEOC fails to comply with its statutory obligations to bring civil suit.

■ Defendant's exhaustion argument is simple. Before bringing a civil suit for an ADA violation, the aggrieved party must file a charge with the EEOC. *Dickey v. Greene,* 710 F.2d 1003, 1005 (4th Cir.1983). If the EEOC does not take action on the charge within 180 days from the date of filing, the aggrieved party may file suit. 42 U.S.C.A. § 2000e–5(f)(1). Defendant argues that because plaintiff neither filed a complaint with the EEOC and thus did not obtain a right-to-sue letter nor waited the 180 day period before filing suit, this Court lacks jurisdiction over this action.

Both parties argue that this Court's decision in *Preston v. Commonwealth of Virginia,* 779 F.Supp. 45, 46 (W.D.Va.1990) is controlling. In *Preston* this Court held that:

> To maintain a Title VII action in a federal court plaintiff must file a complaint with the EEOC and obtain a right-to-sue letter. Title 42 U.S.C. § 2000e–5(e) (1988). Without such a letter, and barring exceptional circumstances, the court cannot properly exercise its jurisdiction over plaintiff's claim.

In *Preston* this Court found that it did not have jurisdiction over plaintiffs Title VII claim because:

> In the instant case, Ms. Preston did not file a complaint with the EEOC regarding her retaliation claim, thus the EEOC has not investigated plaintiff's claim and the purpose of the precondition [permitting the EEOC first to attempt settlement of the grievance] has not been fulfilled. In addition, plaintiff does not forward any equitable basis which would convince the court to waive the procedural condition. This

Court does not have jurisdiction over plaintiff's Title VII claim because plaintiff has neither fulfilled the purpose of filing with the EEOC nor has she shown why she need not comply with the filing requirement.

Plaintiff claims that notwithstanding the EEOC's alleged "improper failure to comply with its statutory obligations, it is appropriate for the Court to exercise jurisdiction in this cause under the equitable remedy articulated as the exceptional circumstances" test explained in *Preston,* 779 F.Supp. at 46.[3] Plaintiff argues that the equitable basis for this Court's exercise of jurisdiction in the instant action are set forth in Plaintiff's *Response to Defendant's Motion for Sanctions,* at 5–6. Defendant argues that plaintiff's reliance on the "exceptional circumstances" exception is misplaced because there is nothing exceptional about plaintiff's failure to comply with the procedural requirements of Title VII. Defendant also cites a case from the E.D.Va in which Judge Spencer held that the court lacked jurisdiction to consider plaintiff's Title VII claim. *Assa'ad–Faltas v. Commonwealth of Virginia,* 738 F.Supp. 982 (E.D.Va.1989). In *Assa'ad–Faltas* plaintiff alleged that she filed a claim with the EEOC on May 5, 1989 (the case was decided on May 8, 1989). The EEOC did not issue a right-to-sue letter, and 180 days had not passed since the filing of the charge. Defendant seems to suggest that at the very least *Assa'ad–Faltas* stands for the proposition that the Court can bounce out plaintiff for not waiting the 180 days before filing suit after attempting to file complaint with the EEOC.

■ There is a significant dispute as to precisely what actions Plaintiff took in bringing her complaint to the attention of the EEOC. Because plaintiff has offered her counsel's affidavit which disputes the statements made in the affidavit submitted by defendant regarding the actions taken by plaintiff in attempting to file a complaint with the EEOC, summary judgment disposition

assume plaintiff's efforts constituted an attempt to file.

**3.** *See DeFigueiredo v. Trans World Airlines, Inc.,* 322 F.Supp. 1384 (D.C.N.Y.1971) (stating that 42

U.S.C. § 2000e–5 does not require that a discrimination complaint be filed with the commission when such filing would be a futile act).

on the issue of plaintiff's noncompliance with Title VII is inappropriate.[4] Because plaintiff's counsel's unsuccessful attempts to file an EEOC complaint may have excused plaintiff from having to wait the 180 day period before filing suit in this Court, sanctions are inappropriate and Defendant's Motion for Sanctions will be denied.

### *Plaintiff's Failure to Use Grievance Arbitration Procedure*

■ Defendant argues that plaintiff's Complaint should be dismissed because plaintiff failed to use the grievance-arbitration procedure set forth in the collective bargaining agreement between the defendant and the labor organization representing the defendant. Defendant argues that although plaintiff is "off work" she is still employed by defendant and is receiving workers' compensation benefits. Defendant also asserts that plaintiff is covered by a collective bargaining agreement (CBA) between defendant and the Glass, Molders, Pottery, Plastics and Allied Workers International Union. The CBA provides in pertinent part that disputes under the CBA shall be governed by a grievance procedure which provides for the compulsory submission of all disputes ... to a neutral third party arbitrator whose decision shall be final and binding upon the parties (defendant has republished the relevant sections of the CBA in its Brief in Support of its Motion to Dismiss).

Defendant claims that plaintiff did not follow the grievance procedure set forth in the CBA and is therefore estopped from proceeding in the instant lawsuit. Defendant cites *Gilmer v. Interstate/Johnson Lane Corporation,* 500 U.S. 20, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991) in which the Supreme Court held that a claim being brought under the ADA of 1967 "... can be subjected to compulsory arbitration pursuant to an arbitration agreement ..." *Id.* at 23, 111 S.Ct. at 1650. Defendant also points to amendments to the Civil Rights Act of 1991 which indicate Congress' preference that employment discrimination claims be resolved in alternative dispute forums. (def. Brief at 13).

Plaintiff argues that defendant's argument in regard to estoppel pursuant to the existing union grievance and arbitration procedures is faulty because defendant fails to appreciate the distinction between compulsory arbitration which requires that all parties enter into binding arbitration, and a non-compulsory, elective arbitration provision which allows either party or neither party to require the other to enter into binding or non-binding arbitration. Plaintiff further asserts that the Union Shop Contract of 1993–1996 contains the language of a non-compulsory arbitration provision. Plaintiff argues that had she wished to file her grievance against Owens–Brockway in February, 1993, she could not because she had been led to believe—pursuant to American International Adjustment Company's notice and instructions to her—that she was no longer an employee of Owens–Brockway. Therefore, argues plaintiff, plaintiff could not have availed herself of the Union Shop Contract Grievance Procedure. Instead, plaintiff claims that she is governed by the 1989–1993 Union Shop Contract under which defendant was under an obligation—under the ADA as well as its own contract provision at Article 40 governing treatment of handicapped employees, to make reasonable accommodation to plaintiff by providing plaintiff with light employment. Plaintiff further contends that Owens–Brockway's 1993–1996 Union Shop Contract did not become effective until April 1, 1993, "long after the discriminatory acts about which plaintiff now complains, had occurred."

The argument concerning the estoppel effect of the collective bargaining agreement's grievance procedures essentially turns on which CBA controls, either the 1989–93 Union Shop Contract or the 1993–1996 Contract. The alleged discrimination that plaintiff complains of occurred on June 1, 1993, which is the day that defendant terminated Austin's employment. On June 1, 1993, the April 1, 1993–March 31, 1996 Union Shop Contract was in effect. The April 1, 1993–March 31,

---

**4.** Plaintiff's counsel's affidavit states that the EEOC, through Reba Dotson, denied plaintiff's request to file a complaint with the EEOC and asserted the EEOC's authority to administratively reject plaintiff's complaint.

1996 contract governs this dispute and it provides specifically for grievance procedures (see Articles 31 and 38) to be utilized to resolve disputes under the ADA. Article 31 at page 68 of the Union Shop Contract states that "any disputes under this article ... shall be subject to the grievance procedure." Because plaintiff's complaint was subject to mandatory arbitration, the *Gilmer* line of cases applies here. Accordingly, because plaintiff did not utilize the grievance procedures available in the April 1, 1993–March 31, 1996 Union Shop Contract, Summary Judgment will be granted in favor of defendant.