45 F.3d 427
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Sheila PATTERSON, Plaintiff-Appellant,
v.
COUNTY OF FAIRFAX; The Board of County Supervisors; Thomas
M. Davis, III, Defendants-Appellees,
and William J. LEIDINGER; Michael W. Young, Colonel;
Latretta Butler; Fairfax County Police
Department, Defendants.
 No. 94-1218.
 United States Court of Appeals, Fourth Circuit.
 Argued: November 1, 1994.
Decided: January 4, 1995.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CA-93-788-A)
 ARGUED: Edwin Cicero Brown, Jr., BROWN, BROWN & WATKINS, Alexandria, VA, for Appellant.
 Robert Marvel Ross, Assistant County Attorney, Fairfax, VA, for Appellees.
 ON BRIEF: David P. Borzien, County Attorney, Robert Lyndon Howell, Deputy County Attorney, Fairfax, VA, for Appellees.
 E.D.Va.
 REVERSED AND REMANDED.
 Before HALL and MICHAEL, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Sheila Patterson appeals an order of the district court dismissing her amended complaint without prejudice. Patterson's complaint alleged that her employer, the police department of Fairfax County, Virginia, discriminated against her on the basis of her race and her gender, in violation of myriad civil rights provisions, including Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq. Patterson also alleged that she had been deprived of her civil rights under 42 U.S.C. Secs. 1981 and 1983, and that the defendants[1] were liable under state law for intentional infliction of emotional distress.
 
 
 2
 The district court dismissed the entire amended complaint on the ground that, at the time Patterson originally filed this lawsuit, she had not obtained a letter from the U.S. Department of Justice (DOJ) permitting her to proceed in federal court with regard to the most recent allegations of Title VII violations contained in her complaint. Because the court erred both in requiring Patterson to have obtained a right-to-sue letter and in granting a motion to dismiss made only after Patterson had become entitled to such a letter, we reverse and remand this case for further proceedings.
 
 I.
 
 3
 According to the amended complaint, Patterson began working as an officer in the Fairfax County Police Department in 1983. In mid-1987, she filed a charge with the Equal Employment Opportunity Commission (EEOC) alleging race and gender discrimination, harassment, and retaliation for having filed an internal grievance. She later filed another charge after being required to undergo, between June and October 1989, three psychological examinations to determine her fitness for duty. In August 1992, the EEOC finally issued "Just Cause Determinations" (JCDs) on both charges.[2]
 
 
 4
 About seven months later, in March 1993, Patterson was accused of throwing a message pad at another officer, striking him near an eye. Thereafter, Patterson was suspended and ordered to submit to yet another psychological examination. As a result of the March incident, Patterson filed a third charge with the EEOC. She also requested and received a "right-to-sue" letter from the DOJ regarding the two earlier charges.[3] On June 16, 1993, while the third charge was still pending before the EEOC, Patterson filed her original complaint in the instant action. The EEOC acted much more swiftly on the third charge, issuing a JCD on September 14, 1993. Patterson did not, however, immediately request a right-to-sue letter on the third charge.
 
 
 5
 On December 6, 1993, the defendants moved for summary judgment, arguing that the doctrine of laches prevented Patterson from asserting her Title VII claims insofar as they were based on the incidents that were the subjects of the first two charges. At a hearing on the motion on December 17, the district court and Patterson's attorney agreed that events in 1993 may have been sufficient, if proven, to establish a continuing violation that would, in effect, revitalize the older incidents.[4]
 
 
 6
 During the hearing, the court asked Patterson's attorney whether a right-to-sue letter had been issued regarding the latest incidents. Counsel, apparently under the impression that the court was instead asking about the JCD that had been issued that September, incorrectly replied in the affirmative.
 
 
 7
 Because counsel desired to plead the latest incidents in greater detail--in particular the police chief's subsequent attempt to fire Patterson, which she alleged was in retaliation for her having filed the third charge--the court dismissed Patterson's complaint without prejudice and granted her ten days to file an amended complaint.
 
 
 8
 On the same day as the hearing, Patterson's attorney contacted the DOJ and requested a right-to-sue letter on the third charge. The letter was faxed to him on December 22, and was attached to the amended complaint when it was filed on December 27.
 
 
 9
 On January 7, 1994, the defendants filed, for the first time, a motion to dismiss based in part on jurisdictional grounds. In support of their motion, the defendants stated, quite correctly, that the latest right-to-sue letter had not been in existence at the December 17 hearing. Patterson's attorney confirmed to the court what had actually happened, and apologized for having misspoken. Upon being apprised of the facts, the court stated:
 
 
 10
 I don't believe that at the time this suit was filed, without a right-to-sue letter on the '93 claims, that I have any jurisdiction. Now, what I will do is grant the motion to dismiss without prejudice, and you can take it from there. And whether or not there is a [continuing violation], I will have to deal with when and if I see it again.[5] But I don't believe that I can permit the amendment of a claim which was filed without jurisdiction here. And I believe that right-to-sue letter on the '93 claim is necessary for you to have jurisdiction, because, absent the '93 claim, everything else is timebarred.
 
 
 11
 True to its word, the district court dismissed the amended complaint without prejudice. Instead of refiling, Patterson chose to appeal.
 
 II.
 
 12
 The district court erred in requiring the actual issuance of a right-to-sue letter. Patterson's administrative remedies are deemed to have been exhausted--and jurisdiction thus conferred on the district court--when she became entitled to such a letter. Moore v. City of Charlotte, 754 F.2d 1100, 1104 n. 1 (4th Cir.), cert. denied, 472 U.S. 1021 (1985); Perdue v. Roy Stone Transfer Corp., 690 F.2d 1091, 1093 (4th Cir.1982); White v. Federal Express Corp., 729 F.Supp. 1536, 1552 (E.D. Va.1990); Assa'ad-Faltas v. Commonwealth of Virginia, 738 F.Supp. 982, 985 (E.D. Va.1989).[6] As to her claim that the defendants retaliated against her for having filed the 1993 charge with the EEOC, Patterson does not even need a right-to-sue letter. Nealon, note 4 supra, at 590.
 
 III.
 
 13
 Moreover, because the defendants did not challenge the district court's jurisdiction to hear Patterson's latest Title VII claims until after she had become entitled to sue on them, the court erred in dismissing the case. Henderson v. Eastern Freight Ways, Inc., 460 F.2d 258 (4th Cir.1972) (per curiam), cert. denied, 410 U.S. 912 (1973); White, 729 F.Supp. at 1551-53.
 
 
 14
 In Henderson, the plaintiff had filed separate charges with the EEOC. In one he named as respondent a labor union; in the other, he named both the union and his employer. The EEOC first issued a right-to-sue letter on the charge against the union only, but the plaintiff failed to file suit within the statutory time period after receiving the letter. He sued both the union and the employer anyway, and, before either defendant moved to dismiss, the plaintiff received a right-to-sue letter on the charge naming both; the district court nevertheless dismissed the case.
 
 
 15
 We reversed, holding that, although the plaintiff would have been vulnerable to a motion to dismiss made before the second letter had been issued, his receipt of that letter prior to any such motion having been made cured whatever defect existed at the time the suit was filed. Though Perdue and Moore modified Henderson to the extent that entitlement to, as well as receipt of, a right-to-sue letter would cure the same or similar defects, Henderson nevertheless remains binding precedent and governs this case.
 
 
 16
 As we noted in Henderson, Title VII "is remedial in character and should be generously construed to achieve its purposes." Henderson, 460 F.2d at 260. We added that "it is a general policy of law to find a way in which to prevent loss of valuable rights, not because something was done too late but rather because it was done too soon." Id. Because that policy has not changed in the intervening twenty-two years, we reverse the district court's dismissal order and remand the case for further proceedings.[7]
 
 
 
 [1]
 Though the police department itself was a named defendant in Patterson's original complaint, the district court dismissed it early on in these proceedings. We presume that the court ruled that the department is not amenable to suit. The original complaint also named as defendants Fairfax County, the Board of County Supervisors, Board Chairman Thomas M. Davis, III, the County Executive, the County Director of Equity Programs, and the Chief of Police. The amended complaint dropped Davis as a defendant apart from his membership on the Board. Though Patterson initially took this appeal as to all the defendants, we granted her subsequent unopposed motion to dismiss the individual appellees. As a result, only the county and the Board remain as "live" parties to Patterson's lawsuit
 
 
 [2]
 See 29 C.F.R. Sec. 1601.21 ("After completing its investigation, where the Commission has not settled or dismissed a charge or made a no cause finding as to every allegation ..., the Commission shall issue a determination that reasonable cause exists to believe that an unlawful employment practice has occurred or is occurring under title VII....")
 
 
 [3]
 Generally, the EEOC may assert exclusive jurisdiction over instances of alleged employment discrimination under Title VII for 180 days following the filing of a charge. 42 U.S.C. Sec. 2000e-5(f). If the EEOC either dismisses the charge or takes no remedial action within that time period, the person aggrieved may file a civil action in the district court. Id. The piece of paper informing the court that it has jurisdiction in such a case is called a "notice of right to sue," and must be issued by the EEOC to the person aggrieved upon request. 29 C.F.R. Sec. 1601.28(a). However, where the respondent to a Title VII charge is a governmental agency or a political subdivision, and the EEOC has not dismissed the charge, the Attorney General is responsible for issuing the letter. 29 C.F.R. Sec. 1601.28(d)
 
 
 [4]
 Cf. Nealon v. Stone, 958 F.2d 584, 591-92 (4th Cir.1992) (Title VII claims that would otherwise be time-barred may be actionable if part of a "continuing violation," provided that a discriminatory event that is part of the violation has occurred within the limitations period)
 
 
 [5]
 The assertion by defendants' counsel--both in their brief and at oral argument--that "subsumed" in the district court's ruling was a holding that the 1993 allegations had not established a continuing violation (contrary to the court's explicit language reserving a decision on the matter) is not well-taken
 
 
 [6]
 The record does not reveal exactly when Patterson filed her third charge with the EEOC, though it was probably soon after the March incident. If that were the case, she would have become entitled to a right-to-sue letter sometime in September or October; in any event, as the DOJ agreed to Patterson's request for a letter on December 17, 1993, she was certainly entitled to one by that date
 
 
 [7]
 Although the district court's dismissal order effectively disposed of all the claims contained in Patterson's amended complaint, the transcript of the January 28, 1994 hearing indicates that the court considered only the Title VII claims prior to making a ruling. The court, by dismissing the amended complaint without prejudice, no doubt expected to address the remaining claims upon refiling. In any event, our remand now affords the district court the opportunity to fully evaluate each of Patterson's other asserted bases for relief, which it shall do in conjunction with its consideration of the Title VII claims