[No. E003225. Fourth Dist., Div. Two. Dec. 5, 1986.]

PATRICK RUNYON et al., Petitioners, v.
THE SUPERIOR COURT OF RIVERSIDE COUNTY, Respondent;
FRANK FRANCO et al., Real Parties in Interest.

### COUNSEL

Silver, Kreisler, Goldwasser & Schaeffer and Charles A. Goldwasser for Petitioners.

No appearance for Respondent.

Fidler & Bell and Stanley O. Orrock for Real Parties in Interest.

### OPINION

**KAUFMAN, J.**—Plaintiffs in the underlying action seek a writ of mandate to compel the trial court to set aside its order striking from their complaint the allegations pertaining to punitive damages. The issue is whether public employees who are otherwise subject to suit may be held liable for punitive damages. The answer is yes.

#### Facts

Real parties, who are defendants in the underlying action, are the marshal (Franco), assistant marshal (Decker), and administrative assistant to the marshal (Daniel) of Riverside County. In 1984 defendant Franco, the present marshal, ran for office against the former incumbent marshal, Wayne Sala. Plaintiffs are former employees of the marshal's department. They openly supported the incumbent. Defendant Franco won the election.

Plaintiffs sued Franco, Daniel and Decker, as well as the County of Riverside, alleging that because of plaintiffs' opposition to Franco's election defendants had subjected them "to discriminatory actions in the form of arbitrary and/or disadvantageous transfers of assignment, surveillance on and off duty, unwarranted disciplinary actions, unprecedented, arbitrary and/or disadvantageous changes in assigned duties, arbitrary and unprecedented scrutinization of work performance, unfounded and unsubstantiated allegations of improprieties and/or misconduct and general harassment all resulting in working conditions for Plaintiffs which are different from and

less favorable than those of other employees holding employment similar to Plaintiffs . . . ." Plaintiffs alleged that defendants' actions were intended "to cause Plaintiffs to resign their positions of employment or to be fired or dismissed therefrom."[1]

Plaintiffs alleged in their causes of action for wrongful employment practices, intentional infliction of emotional distress and violation of civil rights under title 42, U.S. Code § 1983, that the individual defendants (Franco, Daniel and Decker) did the alleged acts with malice and set forth a claim for punitive damages in the sum of one million dollars as to each of these causes of action.

Defendants Franco, Decker and Daniels moved to strike the allegations of the complaint relating to punitive damages on the ground that the immunity set forth in Government Code section 818 prohibited an award of punitive damages against them as public employees.

The trial court granted the motion and struck the allegations of the complaint relating to punitive damages as well as the claim in the prayer for punitive damages.

### Discussion

Government Code[2] section 818 provides: "Notwithstanding any other provision of law, a *public entity* is not liable for damages awarded under Section 3294 of the Civil Code or other damages imposed primarily for the sake of example and by way of punishing of the defendant." (Italics added.)

■ Defendants argued below that because the alleged conduct of the individual defendants is imputable to defendant County of Riverside, a public entity, section 818 prohibits a claim of punitive damages against the individual defendants. Plaintiffs point out that their allegations relating to punitive damages in the complaint are made solely with reference to the public employee defendants and not the defendant public entity, County of Riverside.

We have concluded that, in any event, defendants' argument is untenable. A proper interpretation of section 818 is that it prohibits a claim of punitive

---

[1]The complaint does not directly allege that plaintiffs have actually lost their positions of employment or state what administrative actions were taken. Defendants in their response to the petition state, however, that plaintiffs were terminated pursuant to Riverside County Ordinance 440 (no text is provided), and that plaintiffs requested a formal hearing, but that the hearing was not yet completed at the time the instant petition was filed.

[2]All references are to the Government Code unless otherwise specified. Sections 815, 818, 820, 820.2 and 825, discussed, *post*, were all enacted as part of the California Tort Claims Act of 1963 (Stats. 1963, ch. 1681, § 1, p. 3267; tit. 1, div. 3.6 of the Gov. Code.)

damages against a public entity, but not against individual public employees.

The liability of public entities and the liability of public employees are separately and distinctly provided for in the Government Code. (See §§ 815, 818, 820.) Section 815 provides in essence that except as otherwise provided by statute a public entity is not liable for injuries caused by its conduct or that of its employees.[3] In contrast, section 820, subdivision (a), provides: "Except as otherwise provided by statute (including Section 820.2) a public employee is liable for injury caused by his act or omission to the same extent as a private person." Section 818 setting forth the immunity from punitive damages expressly pertains only to public entities. There is no corresponding immunity provision pertaining to public employees. Thus, a public employee may be liable for punitive damages like a private person but unlike a public entity which is specifically immune.

Were there any doubt about the matter it would vanish in the light of section 825 and a recent amendment thereto. Section 825 contains general provisions relating to the defense and indemnification of public employees or former public employees by public entities. It requires public entities to pay claims and judgments against public employees arising out of their public employment where the defense is tendered to the public entity, but provides: "Nothing in this section authorizes a public entity to pay such part of a claim or judgment as is for punitive or exemplary damages." Plaintiffs argue, and we agree, that the language of section 825 prohibiting the public entity from paying such portion of a claim or judgment as is for punitive damages implicitly recognizes that punitive damages may be awarded against individual public employees.

This statutory recognition of potential liability of public employees for punitive damages in appropriate circumstances was made even clearer by a recent amendment to section 825 (Stats. 1985, ch. 1373, § 1), which now authorizes some public entities in certain circumstances to pay that part of a judgment against an employee which is for punitive or exemplary damages, provided certain findings are made.[4] Thus, the statutory scheme now contains

---

[3]Section 815 reads: "Except as otherwise provided by statute: [¶] (a) A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person. [¶] (b) The liability of a public entity established by this part (commencing with Section 814) is subject to any immunity of the public entity provided by statute, including this part, and is subject to any defenses that would be available to the public entity if it were a private person."

[4]Although section 825 continues to provide in subdivision (a) that "Nothing in this section authorizes a public entity to pay that part of a claim or judgment that is for punitive or

express recognition that individual public employees may be held liable for punitive or exemplary damages. Indeed, the court in *McAllister* v. *South Coast Air Quality etc. Dist.* (1986) 183 Cal.App.3d 653, 660 [228 Cal.Rptr. 351], so stated: "In California, while the public employee may be liable for punitive damages, the public entity will not indemnify the employee. (Gov. Code, § 825.)"

It is not surprising to find that awards of punitive damages have been upheld against individual public employees under the provisions of the statutory scheme. (*Scruggs* v. *Haynes* (1967) 252 Cal.App.2d 256, 263-264, 269 [60 Cal.Rptr. 355].)

Defendants also urge that section 820.2, which provides immunity for discretionary acts of a public employee, prohibits any recovery of punitive damages from them.[5] We agree that where section 820.2 is shown to apply, no punitive damages may be recovered. However, that is not because section 820.2 prohibits punitive damages but because the immunity provided for public employees with respect to their discretionary acts, as stated in section 820.2, provides a complete defense to the entire cause of action where established. It does not separately relate to whether the acts of a public employee may subject the employee to liability for punitive damages. Thus, if it is eventually found that the acts or omissions alleged by plaintiffs were the result of the exercise of defendants' official discretion within the meaning of section 820.2, such a finding would preclude plaintiffs from recovering any damages, but the possible availability of that immunity does not justify the granting of a motion to strike a claim for punitive damages apart from a final determination the immunity exists. The pleadings here fall far short of establishing as a matter of law that defendants' conduct was discretionary within the meaning of section 820.2.

---

exemplary damages," it now further provides that, "(b) Notwithstanding subdivision (a) or any other provision of law, a public entity, other than the state as defined in Section 900.6, is authorized to pay that part of a judgment that is for punitive or exemplary damages if the governing body of that public entity, acting in its sole discretion, finds all of the following: [¶] (1) The judgment is based on an act or omission of an employee or former employee acting within the course and scope of his or her employment as an employee of the public entity. [¶] (2) At the time of the act giving rise to the liability, the employee or former employee acted, or failed to act, in good faith, without actual malice and in the apparent best interests of the public entity. [¶] (3) Payment of the claim or judgment would be in the best interests of the public entity. . . . [¶] (e) Nothing in this section shall affect the provisions of Section 818 prohibiting the award of punitive damages against a public entity. This section shall not be construed as a waiver of a public entity's immunity from liability for punitive damages under Section 1981, 1983, or 1985 of Title 42 of the United States Code."

[5]Section 820.2 provides: "Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused."

We find nothing in the statutory scheme which prohibits, and indeed, the statutory scheme expressly contemplates, claims for punitive or exemplary damages against public employees.

## Disposition

Let a writ of mandate issue directing the trial court to set aside its order striking the punitive damages allegations and claim from plaintiffs' complaint, and directing the court to enter an order denying the motion to strike.

McDaniel, J., and Rickles, J., concurred.