Mara GALLO, Plaintiff,

v.

**BOARD OF REGENTS OF the UNIVER-SITY OF CALIFORNIA, aka University of California, San Diego Medical Center, Dr. Vicente Iragui, and Does 1 through 50, Defendants.**

**Civil No. 95–1792 J (LSP).**

United States District Court, S.D. California.

Dec. 22, 1995.

ry arbitration clause in a collective bargaining agreement. They argue that the failure to arbitrate is a failure to exhaust administrative remedies that would deprive this court of subject matter jurisdiction. However, the cases they cite only hold that the arbitration clauses may be enforced. *See, e.g., Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991). These cases do not support the argument that Congress intended that compulsory arbitration procedures must be pursued prior to bringing suit in federal court. Defendants cite one district court case from West Virginia, decided on summary judgment, that held that a plaintiff who failed to follow mandatory grievance-arbitration procedures in a collective bargaining agreement would be estopped from pursuing ADA claims in a lawsuit. *See Austin v. Owens–Brockway Glass Container, Inc.*, 844 F.Supp. 1103, 1107 (W.D.Va.1994). That case at most supports the use of the arbitration provisions as an affirmative defense. In sum, the defendants have provided no authority for the proposition that an arbitration provision may divest the federal court of subject-matter jurisdiction over claims falling within the provision, and the Court's independent research has revealed none. At oral argument defendants declined to have the Court construe their motion as a motion to stay and compel arbitration. The Court therefore denies defendant's motion to dismiss all claims for lack of subject-matter jurisdiction.

Defendants next argue that the Plaintiff failed to file a timely EEOC notice. Contrary to plaintiff's assertions, the Court may consider both the EEOC right to sue letter and the EEOC charge, either as referenced in the complaint or as public records subject to judicial notice. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 (9th Cir.1990) (court may consider materials attached to the complaint); *Venture Associates v. Zenith Data Systems Corp.*, 987 F.2d 429, 431 (7th Cir.1993) (court may consider materials referred to in the complaint and central to the claim(s)); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir.1986) (court may take judicial notice

Stephanie Sontag, Post, Kirby, Noonan and Sweat, San Diego, CA, Dennis M. Grady, Grady and Associates, San Diego, CA, for Mara Gallo.

William W. Merrill, Littler, Mendelson, Fastiff, Tichy and Mathiason, San Diego, CA, for Dr. Vicente Iragui, Board of Regents of Univ. of California at San Diego.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS AND TO STRIKE

JONES, District Judge.

Plaintiff Mara Gallo brings this complaint under federal and state law, alleging discrimination based on her age, sex, and physical disability. Defendants bring a motion to dismiss all claims and to strike certain allegations of her complaint.

### I. Motion to Dismiss

Defendants first argue that the discrimination claims are covered by a mandato-

of matters of public record). In any case, because the plaintiff opposed this motion with affidavits and exhibits, the Court may treat it as one for summary judgment. *Austin*, 844 F.Supp. at 1105. Defendants' exhibits clearly establish that the charge upon which plaintiff was issued a right-to-sue letter was filed later than the required 300 days. Plaintiff does not contest that evidence. However, plaintiff has by affidavit testified that she first filed in November of 1994, and was later asked to file a later charge because of an administrative error by the EEOC on the first charge. She attaches an EEOC charge dated November 28, 1994, that alleges the same things as her later charge of January 1995. Defendant seems to contest whether that charge was ever filed with the EEOC. In order to grant summary judgment for defendant, the Court would have to decide a disputed factual issue. Plaintiff argues that we cannot do so on a motion to dismiss; nor would this be proper on a motion for summary judgment. Defendants argue that we can because this is a motion to dismiss for lack of subject matter jurisdiction. *See Augustine v. United States*, 704 F.2d 1074, 1075 (9th Cir.1983) ("In ruling on a challenge to subject matter jurisdiction, the district court is ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary."). However, defendants are in error in assuming that timely filing of an EEOC charge relates to subject-matter jurisdiction. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398, 102 S.Ct. 1127, 1135, 71 L.Ed.2d 234 (1981) (timely filing is "not a jurisdictional prerequisite to filing Title VII suit, but a requirement subject to waiver as well as tolling when equity so requires ..."). The Court may not resolve this factual dispute prior to trial; accordingly the Court denies dismissal or summary judgment based upon the timeliness of the EEOC charge.

■ Defendant's third argument is that the plaintiff's disability discrimination claim under California state law is barred because California's worker's compensation scheme is the exclusive remedy for disability discrimi-

nation claims based on work-related injuries.[1] This is supported by many cases. *See Usher v. American Airlines, Inc.*, 20 Cal.App.4th 1520, 1526, 25 Cal.Rptr.2d 335 (Cal.Ct.App. 1993); *Langridge v. Oakland Unified School Dist.*, 25 Cal.App.4th 664, 666, 669, 31 Cal. Rptr.2d 34 (Cal.Ct.App.1994). Plaintiffs argue first that this line of authority would be overturned if considered by the California Supreme Court, and second that the Legislature has recently specifically provided for the repeal of worker's compensation exclusivity.

■ Decisions by state appellate courts are "dat[a] for ascertaining state law which [are] not to be disregarded unless [the district court] is convinced by other persuasive data that the highest court of the state would decide otherwise." *Commissioner v. Bosch*, 387 U.S. 456, 465, 87 S.Ct. 1776, 1782, 18 L.Ed.2d 886 (1967). Plaintiffs cite one lone dissenting appellate justice in support of their view that the California Supreme Court would overturn the unbroken line of appellate court cases holding that worker's compensation is the exclusive remedy for work-related disability discrimination. *See Angell v. Peterson Tractor, Inc.*, 21 Cal.App.4th 981, 997, 26 Cal.Rptr.2d 541 (Cal.Ct.App.1994) (Raye, J., dissenting). This dissent was subsequently rejected by another California appellate court. *See Langridge v. Oakland Unified School Dist.*, 25 Cal.App.4th 664, 668–69, 31 Cal.Rptr.2d 34 (Cal.Ct.App.1994) (rejecting Justice Raye's argument that element of fault in discrimination claims takes claims out of worker's compensation scheme). The Court declines to accept plaintiff's first line of rebuttal.

■ However, none of the cases cited by the defendants considers the effect of a 1993 amendment to the state antidiscrimination laws (Fair Employment and Housing Act, or FEHA) that seems to expand its repeal of other laws. Whereas previously Cal. Govt.Code § 12993(a) provided that the FEHA was not meant to repeal any other provision of other state laws, after the 1993 amendment that limitation on implied repeal has been lifted where "those provisions provide less protection to the enumerated

---

**1.** At oral argument, plaintiff conceded that her     disability stemmed from a work-related injury.

classes of persons coming under this part," including the disabled.[2] The plaintiff cites legislative history that indicates the FEHA should no longer be considered "superseded by provisions of other laws relating to workers' compensation and insurance." *See* Plaintiff's Opposition to Motion to Dismiss at 10. The defendants have not cited any California cases considering the effect of the 1993 amendments, nor has the Court's independent research revealed any. Plaintiffs provide a reference to a March 1995 opinion by Judge Rhoades that in dictum considers the effect of the 1993 amendments and finds that they would indeed repeal the exclusivity provisions of the worker's compensation laws, because of Judge Rhoades' view that those laws provided less protection than the FEHA. *See* Order Denying Motion to Dismiss, *Ash v. Pacific Bell,* Civil No. 94–1619–R, at 4–6 (S.D.Cal., March 16, 1995).

The plain language of the statute compels the Court to view the FEHA as possibly repealing the exclusivity provisions of the worker's compensation laws, if those laws "provide less protection" than the FEHA would. The Court must therefore compare the protections of each.

Cal.Lab.Code § 132a enumerates the worker's compensation remedies available to a worker discriminated against on the basis of a work-related injury. These include a 50% increase in the worker's compensation award not to exceed $10,000; costs and expenses not to exceed $250; reinstatement; and reimbursement for lost wages and work benefits caused by the acts of the employer. The employer is also guilty of a misdemeanor. Other than for criminal misdemeanor actions, all determinations are made by the worker's compensation appeals board. The Labor Code also provides for vocational rehabilitation services to an injured employee.

Cal.Govt.Code § 12970 enumerates the remedies available in a proceeding before the Fair Employment and Housing Commission.

These include actual damages (including emotional distress and other pain and suffering) not to exceed $50,000 (including any administrative fines); reinstatement; damages of up to $150,000 for violence or intimidation based on disability; injunctive relief to prevent recurrence; and fines of up to $25,000. In addition, upon bringing a written accusation and receiving a right-to-sue notice, a claimant may bring a court action. The court is entitled to grant any relief that will "effectuate the purpose" of the Act. Cal. Govt.Code § 12965.

It seems clear that the remedies available under the FEHA are more comprehensive both in scope and in amount of recovery. In general, the remedies of the worker's compensation act reflect its focus on the employment bargain; the FEHA, by contrast, focuses more on the evils of discrimination. Further, the FEHA allows the claimant to bring an action in court, with the accompanying incidents of judicial process. The Court holds that the 1993 amendment to the FEHA reverses the prior doctrine that disability discrimination claims stemming from a work-related injury fall exclusively within the worker's compensation scheme. Accordingly, defendants' motion to dismiss is denied.

■ Finally, defendants ask that the ADA, ADEA, and Title VII claims be dismissed against Dr. Iragui, for an individual cannot be a defendant to these actions. They are correct and unopposed. *EEOC v. AIC Security Investigations, Ltd.,* 55 F.3d 1276, 1281 (7th Cir.1995); *Miller v. Maxwell's Int'l, Inc.,* 991 F.2d 583, 587 (9th Cir.1993). Dr. Iragui's motion to dismiss these claims is granted.

II. Motion to Strike

■ Both sides agree that punitive damages are not available against a public entity. The request for punitive damages against the Regents should be stricken. The parties differ on whether Dr. Iragui can be liable for

2. As amended, section 12993(a) now provides in pertinent part:

Nothing contained in this part shall be deemed to repeal any of the provisions of the Civil Rights Law or of any other law of this state relating to discrimination because of ... physi-cal disability, mental disability, medical condition ... *unless those provisions provide less protection to the enumerated classes of persons enumerated under this part.*

The 1993 amendment added the italicized language.

punitive damages. Defendant argues that because Dr. Iragui was acting as an agent for the Regents, he is entitled to the same defenses and limitations on liability as the Regents. They cite various code sections that merely provide that an agent's actions can be attributed to his principal. *See* Cal.Civ.Code § 2304, 2305, 2330. *Runyon v. Superior Court,* 187 Cal.App.3d 878, 880–81, 232 Cal. Rptr. 101 (Cal.Ct.App.1986) specifically rejected the argument that imputation of a public employees' acts upon the employer gave the public employee immunity from punitive damages. The Court denies this first basis for the motion to strike.

The request that the prayer for relief for compensatory damages be restricted to non-work-related stress is inappropriate. Further, such damages would clearly be available under the federal claims asserted. The Court denies the second basis for the motion to strike.

*CONCLUSION AND ORDER*

Defendants' motions to dismiss and to strike are denied, except for Dr. Iragui's motion to dismiss claims 1, 3, and 5, which is granted.

**IT IS SO ORDERED.**