145 F.3d 1338
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
HC DALMOREPRODUCT, Plaintiff-Appellee,
v.
Marc KOGAN, aka Mark Kogan; Yam Trading Company,
Defendants-Appellants.
 Nos. 96-56827, 96-55723.
D.C. No. CV-96-01780-ER.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 5, 1998.
Decided May 1, 1998.
 
 1
 Appeal from the United States District Court for the Central District of California, Edward Rafeedie, District Judge, Presiding.
 
 
 2
 Before BOOCHEVER and KLEINFELD, Circuit Judges, ILLSTON**, District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 Kogan has two appeals before us. 96-55723 is from the April 30, 1996 order denying Kogan's motion to stay the action pending arbitration. 96-56827 is from the October 23, 1996 order denying Kogan's motion to set aside default. We take the second one first.
 
 
 5
 We reject appellee's argument that we lack jurisdiction to consider this appeal because the order was interlocutory. Though the denial of the Rule 55(c) motion was interlocutory, Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 512 (9th Cir.1986), "once a final judgment is entered, an appeal from an order that otherwise would have been interlocutory is then appealable." In re Eastport Associates, 935 F.2d 1071, 1075 (9th Cir.1991); see also Rano v. Sipa Press, Inc., 987 F.2d 580, 584 (9th Cir.1993) (premature notice of appeal may be treated as timely, if "there is no danger of piecemeal review because no issue or claim remains in district court"). The subsequent final judgment gave us jurisdiction.
 
 
 6
 We agree with Kogan's contention that he appeared. But it does him no good. His appearance entitled him to notice pursuant to Federal Rules of Civil Procedure 55(b) prior to entry of judgment, and that is what he received. Dalmoreproduct was entitled to take his default under Rule 55(a) if he had "failed to plead or otherwise defend as provided by these rules." Kogan failed to plead or otherwise defend.
 
 
 7
 Kogan argues that his motion to stay pending arbitration delayed the time for pleading pursuant to Rule 12. It did, but not forever. We assume without deciding, that, although his motion for stay pending arbitration is not in the list of defenses that may be made by motion at 12(b), nevertheless it is treated the same way, for purposes of delaying the need to file an answer. See SA Wright & Miller § 1360, pp. 432, 439-441 (motion for a stay pending arbitration may be treated as a Rule 12(b) motion); Buckley v. Gallo Sales Co., 949 F.Supp. 737, 739-40 (N.D.Cal.1996) (treating a motion to stay pending arbitration as a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction).
 
 
 8
 But Kogan's motion was denied. Once it was denied, Rule 12(b(a)(4)(A) provided that his "pleading shall be served within 10 days after notice of the court's action." No pleading was served at all, so he was in default.
 
 
 9
 The district court did not abuse its discretion by refusing to set aside the entry of default under FedR.Civ.P. 55(c). The district court made a considered decision based on the proper factors: whether "(1) the plaintiff would be prejudiced by setting aside the default; (2) the defendant has a meritorious defense; and, (3) the defendant's culpable conduct led to the default." O'Connor v. State of Nevada, 27 F.3d 357, 364 (9th Cir.1994). Kogan never claimed that he did not owe the money, which would have been a defense on the merits. Indeed, it appears to be undisputed that he announced his intention to defraud Dalmoreproduct, defrauded Dalmoreproduct out of $3,000,000, and told Dalmoreproduct that it would never recover any of the money he owed.
 
 
 10
 Kogan insists that he has a right to arbitration under the contract Dalmoreproduct signed. But Kogan's name is not on the contract. He is not a party to it, nor is he a beneficiary of it. "An entity that is neither a party to nor an agent for nor beneficiary of the contract lacks standing to compel arbitration." Britton v. Co-op Banking Group, 4 F.3d 742, 744 (9th Cir.1993); see also Lorber Industries of Cal. v. Los Angeles Printworkers Corp., 803 F.2d 523 (9th Cir.1986).
 
 
 11
 He suggests that he and the party, Yam, were alter egos, because Yam was a fictitious company. Alter ego doctrine is a sword for the company's adversary, not a shield for the man hiding behind the company. A fraudulently undisclosed principal cannot enforce a contract over the objection of the deceived party. Restatement (Second) of Agency § 304, comment a (1958); Reuschlein & Gregory, Agency and Partnership § 107, p. 172 (1979). Kogan did not register a fictitious name for Yam. Cal.Bus. & Prof.Code § 17910. He did not present evidence of a manifested intention to bind himself to the contract.
 
 
 12
 Kogan argues that Dalmoreproduct should be equitably estopped from invoking the contract. He who seeks equity must do equity. Kogan did not.
 
 
 13
 AFFIRMED.
 
 
 
 **
 The Honorable Susan Y. Illston, United States District Judge for the Northern District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3